**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0334-24

ODERI CALDWELL,

     Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

     Respondent.

_____

Submitted October 23, 2025 – Decided November 3, 2025

Before Judges Mawla and Bishop-Thompson.

On appeal from the New Jersey Department of Corrections.

Oderi Caldwell, appellant pro se.

Matthew J. Platkin, Attorney General, attorney for respondent (Sookie Bae-Park, Assistant Attorney General, of counsel; Andrew D. Spevack, Deputy Attorney General, on the brief).

PER CURIAM

Appellant Oderi Caldwell appeals from a May 1, 2024 disposition of disciplinary appeal entered by respondent the New Jersey Department of Corrections (DOC), upholding a decision by a hearing officer imposing sanctions against him for escape from a residential community release program. N.J.A.C. 10A:4-4.1(a)(3)(v). We affirm.

Caldwell was serving his sentence at a halfway house in Camden. On April 12, 2019, the program manager was escorting Caldwell to a sequestered area to await a return to custody for rules violations, including possession of an unauthorized cell phone, .009A, and violating halfway house policies, .257. N.J.A.C. 10A:4-4.1(a)(3)(i), (5)(v). Caldwell fled during the transfer and remained a fugitive until March 27, 2024. As a result, he incurred a violation for escape, .101A, codified in N.J.A.C. 10A:4-4.1(a)(3)(v).

When Caldwell was captured, he waived his right to twenty-four hours' notice of a hearing on the violation and pleaded not guilty. At his subsequent disciplinary hearing he presented no evidence and declined appointment of a counsel substitute. Based on the evidence presented, the hearing officer found Caldwell guilty of escape and sanctioned him with thirty days' loss of commutation time.

2

Caldwell appealed and requested leniency. He claimed he did not want to run and there was a recording, which showed he was innocent of the .009A infraction. However, he had to run because he claimed the cell phone was planted by the halfway house, and he was going to be returned to prison without the chance to prove his innocence. The DOC upheld the hearing officer's findings.

## I.

On appeal, Caldwell argues the hearing officer's decision was not supported by the evidence, was arbitrary and capricious, and the proceeding violated his right to present evidence in his defense. He alleges the administrative appeals process from the hearing officer's determination was unjust because the appellate form did not allocate enough space for him to articulate the reasons for appeal. In this regard, he asserts his mother died in January 2019, which deeply affected him. As a result, DOC policy required Caldwell's return to prison for a psychiatric evaluation, which did not occur. On the other hand, he claims the DOC did not consider him a low-risk prisoner who had no history of escape.

Caldwell argues the .009A charge was unjust because this was his first violation and the halfway house purportedly had a "three strikes" policy,

A-0334-24

whereby a prisoner would not incur an infraction unless they committed a violation three times. He reiterates that the cell phone was planted and there was no probable cause to charge him with the infraction. Caldwell argues he was denied access to the prison law library and inmate paralegals to mount a defense.

Caldwell argues all three of his infractions should be dismissed because the DOC did not hold a hearing until thirty days after his capture, which violated N.J.A.C. 10A:4-9.2 and N.J.A.C. 10A:4-9.5(a). He claims he should have been permitted to raise the affirmative defense of duress because he fled the halfway house due to the false disciplinary charges against him and the resultant punishment he would have faced.

## II.

Our role in reviewing a prison disciplinary decision is limited. Figueroa v. N.J. Dep't of Corr., 414 N.J. Super. 186, 190 (App. Div. 2010). The decision must not be disturbed on appeal unless it was arbitrary, capricious, or unreasonable, or lacked the support of "substantial credible evidence in the record as a whole." Henry v. Rahway State Prison, 81 N.J. 571, 579-80 (1980).

N.J.A.C. 10A:4-9.15(a) states an adjudication of an infraction must be supported by substantial evidence. "'Substantial evidence' means 'such evidence

4

as a reasonable mind might accept as adequate to support a conclusion.'" Figueroa, 414 N.J. Super. at 192 (quoting In re Pub. Serv. Elec. & Gas Co., 35 N.J. 358, 376 (1961)).

When reviewing a prison disciplinary matter, we also consider whether the DOC followed the regulations adopted to afford inmates procedural due process. See McDonald v. Pinchak, 139 N.J. 188, 194-95 (1995); Jacobs v. Stephens, 139 N.J. 212, 220-22 (1995). An inmate's procedural rights include:

> (a) written notice of the claimed violations . . . ; (b) disclosure . . . of evidence . . . ; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross examine adverse witnesses . . . ; (e) a "neutral and detached" hearing body . . . ; and (f) a written statement by the factfinders as to the evidence relied on and reasons [for acting].
>
> [Avant v. Clifford, 67 N.J. 496, 523 (1975) (first, second, and third omissions in original) (alteration in original) (quoting Morrissey v. Brewer, 408 U.S. 471, 488-89 (1972)).]

These rights are codified in a comprehensive set of regulations. See N.J.A.C. 10A:4-9.1 to -9.28. The regulations "strike the proper balance between the security concerns of the prison, the need for swift and fair discipline, and the due-process rights of the inmates." Williams v. N.J. Dep't of Corr., 330 N.J. Super. 197, 203 (App. Div. 2000) (citing McDonald, 139 N.J. at 202).

5

Pursuant to these principles and having considered the record, we reject Caldwell's claims in their entirety. As we recounted, once Caldwell was caught, he waived the notice requirement of the charges against him and declined to present evidence or confront or call witnesses at his disciplinary hearing. He also refused the assistance of a counsel substitute, despite initially accepting it.

There is no evidence either the hearing or the hearing officer failed to follow the applicable regulations or to afford Caldwell an impartial tribunal. The hearing officer provided Caldwell with the halfway house escape report and two special incident reports. Caldwell initially pleaded not guilty but then admitted he had escaped the halfway house. He signed the adjudication report confirming the information in it was accurate.

We reject Caldwell's arguments related to the .257 and .009A infractions because those charges were dismissed. Caldwell's only infraction was the escape, .101A.

In regard to the adjudication of the escape, there was no violation of Caldwell's rights because the infraction was adjudicated years after it happened. N.J.S.A. 10A:4-9.2 requires the DOC to serve a disciplinary report on an inmate "within [forty-eight] hours after the violation unless there are exceptional

circumstances." Caldwell's disappearance following his escape clearly constituted exceptional circumstances.

A hearing officer has discretion whether to dismiss an infraction charge after considering the length and reason for the delay, prejudice to an inmate's ability to mount a defense, and the seriousness of the charge. N.J.A.C. 10A:4-9.9(a)(1)-(4). We discern no prejudice to Caldwell's ability to defend the charge. Although escape is not considered a "most serious" offense, it ranks third in severity in the subclassification of prohibited acts an inmate can commit. N.J.A.C. 10A:4-4.1. Therefore, we discern no abuse of discretion in the hearing officer's refusal to dismiss the charge.

A finding of guilt for escape can result in sanctions, including a loss of up to ninety days of commutation time. N.J.A.C. 10A:4-5.1(i)(2). The DOC must provide an inmate with "individualized reasons for the specific sanctions imposed." Malacow v. N.J. Dep't of Corr., 457 N.J. Super. 87, 96-97 (App. Div. 2018); see also Mejia v. N.J. Dep't of Corr., 446 N.J. Super. 369, 378-79 (App. Div. 2016). N.J.A.C. 10A:4-9.17(a) sets forth the individualized factors for imposing sanctions.

The record reflects the hearing officer considered Caldwell's account of the events, circumstances of incident, and DOC's obligation for ensuring safety

7

and security within its facility before imposing the sanction. The loss of thirty days of commutation time was supported by the evidence in the record and was neither arbitrary nor capricious.

For the first time on appeal, Caldwell claims he was denied access to the prison's law library and other resources. We do not consider questions not properly presented to a trial court, in this case the DOC, unless the issue raised relates to the jurisdiction of the trial court or concerns a matter of great public interest. Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973). Neither exception applies here.

Finally, we reject Caldwell's argument regarding the applicability of the duress defense. Under the Criminal Code, duress

> is an affirmative defense that the actor engaged in the conduct charged to constitute an offense because [they were] coerced to do so by the use of, or a threat to use, unlawful force against [them] . . . which a person of reasonable firmness in [their] situation would have been unable to resist.
>
> [N.J.S.A. 2C:2-9.]

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due [to] a defendant in such proceedings does not apply." Jenkins v. Fauver, 108 N.J. 239, 248-49 (1987) (quoting Wolff v. McDonnell, 418 U.S. 539, 556-57 (1974)).

A-0334-24

The duress defense did not apply to these administrative proceedings. Even if it did, the record is devoid of evidence showing Caldwell was coerced by either the use or threat of unlawful force against him, such that it would cause a person of reasonable firmness in his situation to escape and remain a fugitive for nearly half a decade.

The DOC's decision is supported by sufficient credible evidence on the record as a whole. R. 2:11-3(e)(1)(D). The remainder of the arguments raised on appeal lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-0334-24